**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **Robert Isgett and Naomi Isgett,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CASE NO. 4:13-cv-00627-RBH |
| v. ) | |
| ) | |
| **Legal Helpers Debt Resolution,** ) | **AGREED ORDER TO** |
| **LLC; Global Client Solutions,** ) | **ARBITRATE AND STAY** |
| **LLC; Macey, Aleman, Hyslip** ) | **PROCEEDINGS** |
| **& Searns; and Debt Relief** ) | |
| **Advocates f/k/a Steinberg Legal** ) | |
| **Services, P.C.,** ) | |
| ) | |
| **Defendants.** ) | |

This lawsuit arises out of a dispute between Plaintiffs Robert Isgett and Naomi Isgett ("Plaintiffs") and Defendants, wherein the Plaintiffs allege, *inter alia*, that Defendant Global Client Solutions, LLC ("Global") violated the South Carolina Consumer Protection Code, the South Carolina Unfair Trade Practices Act, conspired with the other named Defendants to harm the Plaintiff, committed fraud and made certain negligent misrepresentations. Global, however, specifically denies all such allegations and each claim made against it.

After the commencement of this lawsuit, Plaintiffs and Global engaged in discussions pertaining to the arbitration provision contained within the Global contract. Plaintiff has agreed to submit her claims against Global only to binding arbitration in accordance with that provision, with certain modifications as stated herein. The arbitration provision, as written,

1

provides:

> **ARBITRATION OF DISPUTE**
> In the event of any controversy, claim or dispute between the parties arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the termination of the scope or applicability of this Agreement to arbitrate, shall be determined by arbitration in **Tulsa County, State of Oklahoma in accordance with the laws of Oklahoma, or in the county in which the consumer resides, in accordance with the Laws of the that state."** The parties agree, the arbitration shall be administered by the American Arbitration Association ("AAA") pursuant to its rules and procedures and an arbitrator shall be selected by the AAA. The arbitrator shall be neutral and independent and shall comply with the AAA code of ethics. The award rendered by the arbitrator shall be final and shall not be subject to vacation or modification. Judgment on the award made by the arbitrator may be entered in any court having jurisdiction over the parties. If either party fails to comply with the arbitrator's award, the injured party may petition the circuit court for enforcement. The parties agree that either party may bring claims against the other only in his/her or its individual capacity and not as a plaintiff or class member in any purported class or representative proceeding. Further, the parties agree that the arbitrator may not consolidate proceedings of more than one person's claims, and may not otherwise preside over any form of representative or class proceeding. The parties shall share the cost of arbitration, including attorney's fees, equally. If the Client's share of the cost is greater than $1,000.00 (One-thousand dollars), the company will pay the consumers share of costs in excess of that amount. In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award. Binding Arbitration means that both parties give up the right to a trial by a jury. It also means that both parties give up the right to appeal from the aribitrator's ruling except for a narrow range of issues that can or may be appealed. It also means that discovery may be severely limited by the arbitrator.
>
> **Governing Law:** The laws of the State of Oklahoma govern this Agreement. If any part of this Agreement is declared void or unenforceable, such provisions shall be deemed severed from this Agreement. . . ."

Plaintiffs and Global hereby agree to go to arbitration in accordance with the

aforementioned provisions, however, with the following modifications:

1. The following sentence is severed from the arbitration provision: "The parties shall share the cost of arbitration, including attorney's fees, equally."

2. The following sentence is severed from the arbitration provision: "The scope or applicability of this Agreement to arbitrate, shall be determined by arbitration in Tulsa County, State of Oklahoma, in accordance with the laws of Oklahoma. . . ." The arbitration will be governed by the laws of South Carolina.

3. The "Governing Law" provision is severed in its entirety; as stated above, Plaintiffs' claims will be governed by the laws of South Carolina;

Based on the foregoing, and the Court having knowledge of Plaintiffs' and Global's agreement on same, **IT IS THEREFORE ORDERED** that, pursuant to the Parties' Consent Motion, Plaintiffs' claims against Global only are stayed until January 1, 2014, to allow the Parties time to proceed to arbitration in accordance with the terms of the aforementioned arbitration provision, as modified by this Order. This Order pertains to Plaintiff's claims against Global only.

The Parties shall make a filing on the docket immediately upon the conclusion of arbitration or by January 1, 2014, to notify the Court of the status of the arbitration.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Dated: May 2, 2013
Florence, South Carolina