IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

FILE NO.:  4:13-cv-00627-RBH

| | |
|---|---|
| **Robert Isgett and Naomi Isgett,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **Legal Helpers Debt Resolution, LLC;** | ) |
| **Global Client Solutions, LLC;** | ) |
| **Macey, Aleman, Hyslip & Searns;** | ) |
| **Debt Relief Advocates f/k/a Steinberg** | ) |
| **Legal Services, P.C.;** | ) |
| | ) |
| **Defendants.** | ) |

### AGREED ORDER TO ARBITRATE AND STAY PROCEEDINGS

This lawsuit arises out of a dispute between Plaintiffs Robert Isgett and Naomi Isgett ("Plaintiffs") and Defendants, wherein the Plaintiffs allege, *inter alia*, that the LHDR Defendants violated the South Carolina Consumer Protection Code, the South Carolina Unfair Trade Practices Act, conspired with the other named Defendants to harm the Plaintiff, committed fraud and made certain negligent misrepresentations.  LHDR Defendants, however, specifically deny all such allegations and each claim made against them.

After the commencement of this lawsuit, Plaintiffs and LHDR Defendants engaged in discussions pertaining to the arbitration provision contained within a Retainer Agreement between LHDR and Plaintiffs.  The arbitration provision, as written provides:

> In the event of any claim or dispute between Client and LHDR related to the Agreement or related to any performance of any serves related to this Agreement, such claim or dispute shall be submitted to binding arbitration upon the request of either party upon the service of that request. The parties shall initially agree on a single arbitrator to resolve the dispute. The matter may be arbitrated either by the Judicial Arbitration Mediation Service or American Arbitration Association, as mutually agreed upon by the parties or selected by the party filing the claim. The

arbitration shall be conducted in either the county in which Client resides, or the closest metropolitan county. Any decision of the arbitrator shall be final and may be entered into any judgment in any court of competent [sic] jurisdiction. The conduct of the arbitration shall be subject to the then current rules of the arbitration service. The cost of arbitration, excluding legal fees, will be split equally or be born by the losing party, as determined by the arbitrator. The parties shall bear their own legal fees.

Plaintiffs and LHDR Defendants have agreed to go to arbitration in accordance with the aforementioned provisions, however, with the following modifications:

1. The following sentence is severed from the arbitration provision: "The cost of arbitration, excluding legal fees, will be split equally or be born on the losing party, as determined by the arbitrator."

2. The following sentence is severed from the arbitration provision: "The parties shall bear their own legal fees."

Based on the foregoing, and the Court having knowledge of Plaintiffs' and LHDR Defendants agreement on same, IT IS THEREFORE ORDERED that, pursuant to the Parties' Consent Motion, Plaintiffs' claims against LHDR Defendants are stayed until January 1, 2014 to allow the Parties to proceed to arbitration in accordance with the terms of the aforementioned arbitration provision, as modified by this Order. This Order pertains to Plaintiffs' claims against LHDR Defendants only.

The Parties shall make a filing on the docket immediately upon the conclusion of arbitration or by January 1, 2014, to notify the Court of the status of arbitration.

**IT IS SO ORDERED.**

                                                     s/ R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

Dated: May 2, 2013
Florence, South Carolina